IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN HENDRY FRAZIER, JR.**, | Case No. 3:13-cv-00673-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN,** Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On January 22, 2014, pursuant to the stipulation of the parties, the Court reversed the Commissioner's determination that Plaintiff was not disabled and was not entitled to disability insurance income, and remanded the matter back to the agency for further proceedings. ECF 17. Before the Court is Plaintiff's application for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 18.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting

PAGE 1 – ORDER

to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $2,675.59, expenses in the amount of $4.62, and costs in the amount of $4.30. Defendant stipulates to the reasonableness of the requests fees, costs, and expenses. ECF 19. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Therefore, Plaintiff's application for attorney's fees (ECF 18) is GRANTED. Plaintiff is awarded $2,680.21 for attorney's fees and expenses under 28 U.S.C. § 2412 and $4.30 for costs under 28 U.S.C. § 1920. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. EAJA fees are awarded to the litigant, absent an assignment of fees, and no such assignment is in the record in this case. Defendant shall, therefore, cause the payment of fees, after any applicable offsets, to be made payable to Plaintiff and mailed to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATED this 17th day of April 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 – ORDER